UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE SEPTEMBER 11 LITIGATION      :
:
This Declaration relates to:        :   Civil No.
:   21 MC 97 (AKH)
*Fisher v. AMR Corp., et al.*, 07 Civ. 8399 (AKH)  :
:
*Golinski v. AMR Corp., et al.*, 07 Civ. 8398 (AKH)  :  **DECLARATION OF**
:  **DESMOND T. BARRY, JR.**
*Shontere v. AMR Corp., et al.*, 07 Civ. 8401 (AKH) :
:
*Willcher v. AMR Corp., et al.*, 07 Civ. 8402 (AKH) :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      1.     I am an attorney and member of the law firm of Condon & Forsyth LLP,

co-counsel for defendants American Airlines, Inc. and AMR Corporation in this litigation, and I

am fully familiar with all prior pleadings and proceedings.

      2.     I submit this declaration in support of the motion by defendants American

Airlines, Inc., AMR Corporation and Argenbright Security, Inc. for Orders: (1) approving the

settlements; (2) entering final judgments pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air

Transportation Safety and System Stabilization Act applies to the settlement amounts; and (4)

dismissing the Complaints with prejudice as to all defendants.

      3.     Annexed hereto as "Exhibit A" is a true and accurate copy of the executed

Confidential Stipulation of Settlement in *Fisher v. AMR Corporation, et al.*, 07 Civ. 8399

(AKH), with the settlement amount redacted. An unredacted copy of the Confidential

Stipulation of Settlement is being filed with the Court under seal.

4.      Annexed hereto as "Exhibit B" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Golinski v. AMR Corporation, et al.*, 07 Civ. 8398 (AKH), with the settlement amount redacted.  An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

5.      Annexed hereto as "Exhibit C" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Shontere v. AMR Corporation, et al.*, 07 Civ. 8401 (AKH), with the settlement amount redacted.  An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

6.      Annexed hereto as "Exhibit D" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Willcher v. AMR Corporation, et al.*, 07 Civ. 8402 (AKH), with the settlement amount redacted.  An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 14, 2008, at New York, New York.

Desmond T. Barry, Jr.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :   No.: 21 MC 97 (AKH)
                                            :
IN RE SEPTEMBER 11 LITIGATION               :   **THIS DOCUMENT RELATES TO:**
                                            :   **07 CV 8399 (AKH)**
                                            :   **CHRISTINE K. FISHER v.**
                                            :   **AMR CORPORATION, et al.**
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and ARGENBRIGHT SECURITY, INC. (hereinafter "ARGENBRIGHT"), and CHRISTINE K. FISHER, Individually, and as Personal Representative of the Estate of GERALD P. FISHER, and on behalf of all survivors, heirs and next of kin of GERALD P. FISHER, Deceased (hereinafter "PLAINTIFF"), hereby agree:

1.    In consideration of the sum of

        to be paid by the Insurers of AMERICAN and AMR, and the sum of

                                                                to be paid by the Insurers of

ARGENBRIGHT, for a total of the payments to PLAINTIFF of

                        PLAINTIFF agrees to release and discharge AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and agrees to execute a Confidential Release in the form attached hereto as "Exhibit 1".

2.    The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement

1

count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

      (a)    AMERICAN, AMR and ARGENBRIGHT shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

      (b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto

as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1".

5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1". The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of GERALD P. FISHER as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.    Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued, or within 30 days after receipt by counsel for AMERICAN, AMR and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement

3

shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.    The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility or proportionate responsibility by any party.

8.    This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR and ARGENBRIGHT.

10.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

11.    This Agreement may be executed in counterparts.

4

Dated: New York, New York
    This **28** day of **February**, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
CHRISTINE K. FISHER


SIMPSON THACHER & BARTLETT LLP


By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB-8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
       This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
      Keith S. Franz (   )
      Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
      Donald A. Migliori (  )
      Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
CHRISTINE K. FISHER


SIMPSON THACHER & BARTLETT LLP

By:_____
      Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
      Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
      John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

NYOFFICE 670825v.1

Dated: New York, New York
    This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD  21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC  29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
CHRISTINE K. FISHER


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
      This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
CHRISTINE K. FISHER


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

NYOFFICE 670825v.1

Dated: New York, New York
       This ____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP                    CONDON & FORSYTH LLP

By:_____              By:_____
    Keith S. Franz (    )                     Desmond T. Barry, Jr. (DB 8066)
    Judson H. Lipowitz (    )               Times Square Tower
101 East Chesapeake Avenue, 5th Floor       7 Times Square
Baltimore, MD 21286                         New York, New York 10036
Tel.: (410)821-6800                         Tel.: (212)490-9100
Fax: (410)821-1265                          Fax: (212)370-4483

-and-                                       -and-

MOTLEY RICE LLC                            DEBEVOISE & PLIMPTON LLP
                                            Roger E. Podesta
                                            919 Third Avenue
By:_____               New York, New York 10022
    Donald A. Migliori (    )               Tel.: (212)909-6000
    Elizabeth Smith (    )                  Fax: (212)909-6836
28 Bridgeside Blvd
PO Box 1792                                 Attorneys for Defendants
Mt. Pleasant, SC 29465                      AMERICAN AIRLINES, INC. and
Tel.: (843)216-9000                         AMR CORPORATION
Fax: (843)216-9450

Attorneys for Plaintiff                     GLOBAL AEROSPACE UNDERWRITING
CHRISTINE K. FISHER                         MANAGERS


SIMPSON THACHER & BARTLETT LLP              By:_____
                                               John P. Meehan

By:_____               For and on behalf of the insurers for
    Joseph F. Wayland (JFW 7549)            AMERICAN AIRLINES, INC. and
425 Lexington Avenue                        AMR CORPORATION
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502                          ACE GLOBAL MARKETS

Attorneys for Defendant                     By: _____
ARGENBRIGHT SECURITY, INC
                                            For and on behalf of the insurers for
                                            ARGENBRIGHT SECURITY, INC.

                             5

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
                         :  No.: 21 MC 97 (AKH)
                         :
IN RE SEPTEMBER 11 LITIGATION   :  **THIS DOCUMENT RELATES TO:**
                         :  **07 CV 8399 (AKH)**
                         :  **CHRISTINE K. FISHER v.**
                         :  **AMR CORPORATION, et al.**
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

CHRISTINE K. FISHER, Individually, and as Personal Representative of the Estate of GERALD P. FISHER, and on behalf of all survivors, heirs and next of kin of GERALD P. FISHER, Deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of                              to be paid by the Insurers of ARGENBRIGHT SECURITY, INC. (hereinafter, "ARGENBRIGHT"), for a total of the payments to RELEASOR of

hereby releases and discharges AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in the any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions,

**EXHIBIT 1**

NYOFFICE 670826v.1

claims, and demands whatsoever, in law, admiralty or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to GERALD P. FISHER, whether assertable by the survivors, heirs or personal representative of GERALD P. FISHER or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to GERALD P. FISHER, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the personal effects or other property of GERALD P. FISHER; and any and all other losses, damages and/or injuries relating to or arising out of GERALD P. FISHER having been present at or around the Pentagon on September 11, 2001 (hereinafter, "the death of GERALD P. FISHER") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

1.    RELEASOR agrees to protect, indemnify and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including,

EXHIBIT 1

but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through or under RELEASOR, relating to or arising out of the death of GERALD P. FISHER whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability or otherwise of RELEASEES.

2.      RELEASOR recognizes, acknowledges and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress or economic loss that are in some way caused by or related to the death of GERALD P. FISHER, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of GERALD P. FISHER as well as those known and anticipated. The provisions of any local, state, federal or foreign law, statute or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages or injuries are hereby expressly waived.

3.      The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility or proportionate responsibility of RELEASEES for any wrongdoing, negligence or other culpable conduct in connection with the death of GERALD P. FISHER. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all

EXHIBIT 1
NYOFFICE 670826v.1

claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.     The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.     RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift or otherwise) or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of GERALD P. FISHER except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion or undue influence by RELEASEES or anyone else.

6.     RELEASOR represents and warrants that she has not filed, will not file or cause to be filed, any other actions, causes of action, suits, claims or demands, of any nature whatsoever, arising from or relating to the death of GERALD P. FISHER in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of GERALD P. FISHER, as identified

EXHIBIT 1

in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.  RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of GERALD P. FISHER other than any expenses previously paid for by RELEASEES and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.  RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens and all other liens, if any, from the proceeds of this settlement.

9.  This Confidential Release, and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.  This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR and ARGENBRIGHT.

EXHIBIT 1

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the

_____ day of _____, 2008.

_____
CHRISTINE K. FISHER, RELEASOR

STATE OF _____  )
                           ) ss.:
COUNTY OF _____  )

On _____, 2008, before me personally came CHRISTINE K. FISHER, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EXHIBIT 1

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

EXHIBIT 1

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.,

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

**EXHIBIT 1**

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

TEM ENTERPRISES d/b/a CASINO EXPRESS

EXHIBIT 1

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
            :   No.:  21 MC 97 (AKH)
            :
IN RE SEPTEMBER 11 LITIGATION    :   **THIS DOCUMENT RELATES TO:**
            :   **07 CV 8398 (AKH)**
            :   **IRENE M. GOLINSKI v.**
            :   **AMR CORPORATION, et al.**
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and ARGENBRIGHT SECURITY, INC. (hereinafter "ARGENBRIGHT"), and IRENE M. GOLINSKI, Individually, and as Personal Representative of the Estate of RONALD F. GOLINSKI, and on behalf of all survivors, heirs and next of kin of RONALD F. GOLINSKI, Deceased (hereinafter "PLAINTIFF"), hereby agree:

1.    In consideration of the sum of

to be paid by the Insurers of AMERICAN and AMR, and the sum of

to be paid by the Insurers of ARGENBRIGHT, for a total of the payments to PLAINTIFF of

PLAINTIFF agrees to release and discharge AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and agrees to execute a Confidential Release in the form attached hereto as "Exhibit 1".

2.    The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement

1

count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

> (a)    AMERICAN, AMR and ARGENBRIGHT shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

> (b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto

2

as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.     Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1".

5.     Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1". The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of RONALD F. GOLINSKI as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.     Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued, or within 30 days after receipt by counsel for AMERICAN, AMR and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement

3

shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.      The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility or proportionate responsibility by any party.

8.      This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.      This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR and ARGENBRIGHT.

10.     The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

11.     This Agreement may be executed in counterparts.

4

Dated: New York, New York

This 28 day of February, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC


By:_____
    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
IRENE M. GOLINSKI


SIMPSON THACHER & BARTLETT LLP


By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

Dated: New York, New York
     This ____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
IRENE M. GOLINSKI


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
      This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
IRENE M. GOLINSKI


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
      This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
IRENE M. GOLINSKI


SIMPSON THACHER & BARTLETT LLP

By: _____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
    This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
IRENE M. GOLINSKI

SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:    No.: 21 MC 97 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION          :    **THIS DOCUMENT RELATES TO:**
:    **07 CV 8398 (AKH)**
:    **IRENE M. GOLINSKI v.**
:    **AMR CORPORATION, et al.**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL RELEASE

IRENE M. GOLINSKI, Individually, and as Personal Representative of the Estate of

RONALD F. GOLINSKI, and on behalf of all survivors, heirs and next of kin of RONALD F.

GOLINSKI, Deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN

AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter,

"AMR"), and the sum of                                                    to be paid

by the Insurers of ARGENBRIGHT SECURITY, INC. (hereinafter, "ARGENBRIGHT"), for a

total of the payments to RELEASOR of

hereby releases and discharges AMERICAN, AMR, ARGENBRIGHT and any

and all other defendants named in the any of the individual or Master Complaints filed under

civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed

in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated

corporations, partnerships, insurers, related business entities, officers, directors, employees,

agents, heirs, executors, administrators, successors and assigns from all actions, causes of action,

suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,

contracts, controversies, agreements, promises, trespasses, damages, judgments, executions,

1

**EXHIBIT 1**

claims, and demands whatsoever, in law, admiralty or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to RONALD F. GOLINSKI, whether assertable by the survivors, heirs or personal representative of RONALD F. GOLINSKI or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to RONALD F. GOLINSKI, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the personal effects or other property of RONALD F. GOLINSKI; and any and all other losses, damages and/or injuries relating to or arising out of RONALD F. GOLINSKI having been present at or around the Pentagon on September 11, 2001 (hereinafter, "the death of RONALD F. GOLINSKI") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

1.    RELEASOR agrees to protect, indemnify and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including,

EXHIBIT 1

but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through or under RELEASOR, relating to or arising out of the death of RONALD F. GOLINSKI whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress or economic loss that are in some way caused by or related to the death of RONALD F. GOLINSKI, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of RONALD F. GOLINSKI as well as those known and anticipated. The provisions of any local, state, federal or foreign law, statute or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility or proportionate responsibility of RELEASEES for any wrongdoing, negligence or other culpable conduct in connection with the death of RONALD F. GOLINSKI. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all

EXHIBIT 1

claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift or otherwise) or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of RONALD F. GOLINSKI except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion or undue influence by RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file or cause to be filed, any other actions, causes of action, suits, claims or demands, of any nature whatsoever, arising from or relating to the death of RONALD F. GOLINSKI in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of RONALD F. GOLINSKI, as

EXHIBIT 1

identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right.  RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of RONALD F. GOLINSKI other than any expenses previously paid for by RELEASEES and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur.  RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release, and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR and ARGENBRIGHT.

EXHIBIT 1

NYOFFICE 675253v.1

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the

_____ day of _____, 2008.

_____

IRENE M. GOLINSKI, RELEASOR

STATE OF _____    )
                            ) ss.:
COUNTY OF _____    )

On _____, 2008, before me personally came IRENE M. GOLINSKI, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____

NOTARY PUBLIC

EXHIBIT 1

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

EXHIBIT 1

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.,

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

EXHIBIT 1

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

TEM ENTERPRISES d/b/a CASINO EXPRESS

9                                    EXHIBIT 1

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

EXHIBIT 1

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                :
                :   No.: 21 MC 97 (AKH)
                :
IN RE SEPTEMBER 11 LITIGATION    :   **THIS DOCUMENT RELATES TO:**
                :   **07 CV 8401 (AKH)**
                :   **JULIA P. SHONTERE v.**
                :   **AMR CORPORATION, et al.**
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and ARGENBRIGHT SECURITY, INC. (hereinafter "ARGENBRIGHT"), and JULIA P. SHONTERE, Individually, and as Personal Representative of the Estate of ANGELA M. HOUTZ, and on behalf of all survivors, heirs and next of kin of ANGELA M. HOUTZ, deceased (hereinafter "PLAINTIFF"), hereby agree:

    1.    In consideration of the sum of

to be paid by the Insurers of AMERICAN and AMR, and the sum of

to be paid by the Insurers of ARGENBRIGHT, for a total of the payments to PLAINTIFF of

PLAINTIFF agrees to release and discharge AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), and agrees to execute a Confidential Release in the form attached hereto as "Exhibit 1".

    2.    The parties to this Agreement recognize the legitimate interest of AMERICAN,

1

AMR and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA").   AMERICAN, AMR and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance.  The parties therefore agree that:

    (a)    AMERICAN, AMR and ARGENBRIGHT shall have no obligations hereunder unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

    (b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2".  The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR and ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including, without limitation, each

2

of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1".

5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1".  The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of ANGELA M. HOUTZ as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.    Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for AMERICAN, AMR and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release.  In the event that a court of competent jurisdiction declines to enter the final, non-appealable

3

determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.      The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility or proportionate responsibility by any party.

8.      This Agreement and the performance thereunder shall be governed by, and construed under, the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.      This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR and ARGENBRIGHT.

10.     The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

11.     This Agreement may be executed in counterparts.

4

Dated: New York, New York
This **28** day of **February**, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC


By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC  29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
JULIA P. SHONTERE


SIMPSON THACHER & BARTLETT LLP


By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
JULIA P. SHONTERE


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
    This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (     )
    Judson H. Lipowitz (     )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (     )
    Elizabeth Smith (     )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
JULIA P. SHONTERE

SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
    This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
JULIA P. SHONTERE


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph P. Wayland (JPW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
    This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
JULIA P. SHONTERE

SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

NYOFFICE 672184v.1

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
                         :    No.: 21 MC 97 (AKH)
                         :
IN RE SEPTEMBER 11 LITIGATION    :    **THIS DOCUMENT RELATES TO:**
                         :    **07 CV 8401 (AKH)**
                         :    **JULIA P. SHONTERE v.**
                         :    **AMR CORPORATION, et al.**
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

JULIA P. SHONTERE, Individually, and as Personal Representative of the Estate of

ANGELA M. HOUTZ, and on behalf of all survivors, heirs and next of kin of ANGELA M.

HOUTZ, deceased, as RELEASOR, and in consideration of the sum of

                                                                 to be paid

by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR

CORPORATION (hereinafter, "AMR"), and the sum of

                                                 to be paid by the Insurers of

ARGENBRIGHT SECURITY, INC. (hereinafter, "ARGENBRIGHT"), for a total of the

payments to RELEASOR of

                                         hereby releases and discharges AMERICAN, AMR,

ARGENBRIGHT and any and all other defendants named in any of the individual or Master

Complaints filed under civil action number 21 MC 97 (AKH), including, without limitation, each

of the defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES'

parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities,

officers, directors, employees, agents, heirs, executors, administrators, successors and assigns

from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,

**EXHIBIT 1**

bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to ANGELA M. HOUTZ, whether assertable by the survivors, heirs or personal representative of ANGELA M. HOUTZ or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to ANGELA M. HOUTZ, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the personal effects or other property of ANGELA M. HOUTZ; and any and all other losses, damages and/or injuries relating to or arising out of ANGELA M. HOUTZ having been present at or around the Pentagon on September 11, 2001 (hereinafter, "the death of ANGELA M. HOUTZ") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

1.    RELEASOR agrees to protect, indemnify and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including, without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the

**EXHIBIT 1**

legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through or under RELEASOR, relating to or arising out of the death of ANGELA M. HOUTZ, whether anticipated or unanticipated, however caused and whether by sole, joint or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability or otherwise of RELEASEES.

2.      RELEASOR recognizes, acknowledges and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress or economic loss that are in some way caused by, or related to, the death of ANGELA M. HOUTZ, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be, or may become, more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of ANGELA M. HOUTZ as well as those known and anticipated. The provisions of any local, state, federal or foreign law, statute or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages or injuries are hereby expressly waived.

3.      The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility or proportionate responsibility of RELEASEES for any wrongdoing, negligence or other culpable conduct in connection with the death of ANGELA M. HOUTZ. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further

litigation and buy their peace. This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including, but not limited to, any factual representation regarding the death of ANGELA M. HOUTZ except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion or undue influence by RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims or demands, of any nature whatsoever, arising from or relating to the death of ANGELA M. HOUTZ in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or

sponsors of terrorism arising from, or relating to, the death of ANGELA M. HOUTZ, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of ANGELA M. HOUTZ other than any expenses previously paid for by RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR and ARGENBRIGHT.

**EXHIBIT 1**

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the

_____ day of _____, 2008.

_____
JULIA P. SHONTERE, RELEASOR

STATE OF _____    )
                           ) ss.:
COUNTY OF _____      )

On _____, 2008, before me personally came JULIA P. SHONTERE, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**EXHIBIT 1**

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

**EXHIBIT 1**

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.

HUNTLEIGH AVIATION SERVICES CORPORATION

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

**EXHIBIT 1**

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

**EXHIBIT 1**

TEM ENTERPRISES d/b/a CASINO EXPRESS

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

10                            **EXHIBIT 1**

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
              :   No.: 21 MC 97 (AKH)
              :
IN RE SEPTEMBER 11 LITIGATION    :   **THIS DOCUMENT RELATES TO:**
              :   **07 CV 8402 (AKH)**
              :   **SHIRLEY N. WILLCHER v.**
              :   **AMR CORPORATION, et al.**
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL STIPULATION OF SETTLEMENT</u>

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter

"AMERICAN"), AMR CORPORATION (hereinafter "AMR") and ARGENBRIGHT

SECURITY, INC. (hereinafter "ARGENBRIGHT"), and SHIRLEY N. WILLCHER,

Individually, and as Personal Representative of the Estate of ERNEST M. WILLCHER, and on

behalf of all survivors, heirs and next of kin of ERNEST M. WILLCHER, deceased (hereinafter

"PLAINTIFF"), hereby agree:

    1.    In consideration of the sum of

to be paid by the Insurers of

AMERICAN and AMR, and the sum of

to be paid by the Insurers of ARGENBRIGHT, for a

total of the payments to PLAINTIFF of

              PLAINTIFF agrees to release and discharge AMERICAN, AMR,

ARGENBRIGHT and any and all other defendants named in any of the individual or Master

Complaints filed under civil action number 21 MC 97 (AKH), and agrees to execute a

Confidential Release in the form attached hereto as "Exhibit 1".

    2.    The parties to this Agreement recognize the legitimate interest of AMERICAN,

1

AMR and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

(a)    AMERICAN, AMR and ARGENBRIGHT shall have no obligations hereunder unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

(b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR and ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including, without limitation, each

2

of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1".

5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1". The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of ERNEST M. WILLCHER as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.    Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for AMERICAN, AMR and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final, non-appealable

3

determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.    The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility or proportionate responsibility by any party.

8.    This Agreement and the performance thereunder shall be governed by, and construed under, the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR and ARGENBRIGHT.

10.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

11.    This Agreement may be executed in counterparts.

4

Dated: New York, New York
   This 28 day of February, 2008.

AZRAEL GANN & FRANZ LLP

By: _____
      Keith S. Franz (    )
      Judson M. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By: _____
      Donald A. Migliori (    )
      Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
SHIRLEY N. WILLCHER


SIMPSON THACHER & BARTLETT LLP


By: _____
      Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By: _____
      Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By: _____
      John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By: _____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

Dated: New York, New York
      This ____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

CONDON & FORSYTH LLP


By:_____

    Keith S. Franz (   )
    Judson H. Lipowitz (   )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC


By:_____

    Donald A. Migliori (   )
    Elizabeth Smith (   )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
SHIRLEY N. WILLCHER


SIMPSON THACHER & BARTLETT LLP


By:_____

    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

By:_____

    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____

    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
        This ____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
      Keith S. Franz (    )
      Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD  21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
      Donald A. Migliori (    )
      Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC  29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
SHIRLEY N. WILLCHER


SIMPSON THACHER & BARTLETT LLP


By:_____
      Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
      Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
      John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS


By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
     This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By: _____
    Keith S. Franz (    )
    Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD 21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By: _____
    Donald A. Migliori (    )
    Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
SHIRLEY N. WILLCHER


SIMPSON THACHER & BARTLETT LLP

By: _____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC

CONDON & FORSYTH LLP

By: _____
    Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By: _____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By: _____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

Dated: New York, New York
      This _____ day of _____, 2008.

AZRAEL GANN & FRANZ LLP

By:_____
      Keith S. Franz (    )
      Judson H. Lipowitz (    )
101 East Chesapeake Avenue, 5th Floor
Baltimore, MD  21286
Tel.: (410)821-6800
Fax: (410)821-1265

-and-

MOTLEY RICE LLC

By:_____
      Donald A. Migliori (    )
      Elizabeth Smith (    )
28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC  29465
Tel.: (843)216-9000
Fax: (843)216-9450

Attorneys for Plaintiff
SHIRLEY N. WILLCHER


SIMPSON THACHER & BARTLETT LLP

By:_____
      Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC


CONDON & FORSYTH LLP

By:_____
      Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
      John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION


ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
                     :   No.: 21 MC 97 (AKH)
                     :
IN RE SEPTEMBER 11 LITIGATION   :   **THIS DOCUMENT RELATES TO:**
                     :   **07 CV 8402 (AKH)**
                     :   **SHIRLEY N. WILLCHER v.**
                     :   **AMR CORPORATION, et al.**
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

SHIRLEY N. WILLCHER, Individually, and as Personal Representative of the Estate of ERNEST M. WILLCHER, and on behalf of all survivors, heirs and next of kin of ERNEST M. WILLCHER, deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of ARGENBRIGHT SECURITY, INC. (hereinafter, "ARGENBRIGHT"), for a total of the payments to RELEASOR of

hereby releases and discharges AMERICAN, AMR, ARGENBRIGHT and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including, without limitation, each of the defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

**EXHIBIT 1**

controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to ERNEST M. WILLCHER, whether assertable by the survivors, heirs or personal representative of ERNEST M. WILLCHER or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to ERNEST M. WILLCHER, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the personal effects or other property of ERNEST M. WILLCHER; and any and all other losses, damages and/or injuries relating to or arising out of ERNEST M. WILLCHER having been present at or around the Pentagon on September 11, 2001 (hereinafter, "the death of ERNEST M. WILLCHER") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

1.    RELEASOR agrees to protect, indemnify and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including, without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the

EXHIBIT 1

legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through or under RELEASOR, relating to or arising out of the death of ERNEST M. WILLCHER, whether anticipated or unanticipated, however caused and whether by sole, joint or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress or economic loss that are in some way caused by, or related to, the death of ERNEST M. WILLCHER, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be, or may become, more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of ERNEST M. WILLCHER as well as those known and anticipated. The provisions of any local, state, federal or foreign law, statute or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility or proportionate responsibility of RELEASEES for any wrongdoing, negligence or other culpable conduct in connection with the death of ERNEST M. WILLCHER. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further

litigation and buy their peace.  This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents and insurance representatives who have a need to know the amount of the settlement and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including, but not limited to, any factual representation regarding the death of ERNEST M. WILLCHER except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion or undue influence by RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims or demands, of any nature whatsoever, arising from or relating to the death of ERNEST M. WILLCHER in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES.  This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or

**EXHIBIT 1**

sponsors of terrorism arising from, or relating to, the death of ERNEST M. WILLCHER, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of ERNEST M. WILLCHER other than any expenses previously paid for by RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

EXHIBIT 1

NYOFFICE 672194v1

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR and ARGENBRIGHT.

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2008.

                                          _____
                                          SHIRLEY N. WILLCHER, RELEASOR

STATE OF _____   )
                           ) ss.:
COUNTY OF _____   )

On _____, 2008, before me personally came SHIRLEY N. WILLCHER, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EXHIBIT 1

NYOFFICE 672194v1

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

EXHIBIT 1

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.

HUNTLEIGH AVIATION SERVICES CORPORATION

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

**EXHIBIT 1**

NYOFFICE 672194v1

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

**EXHIBIT 1**

NYOFFICE 672194v1

TEM ENTERPRISES d/b/a CASINO EXPRESS

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

**EXHIBIT 1**

NYOFFICE 672194v1